UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE LESTER MORRIS, 187452,

    Plaintiff,

v.

Case No. 21-10404

GRETCHEN WHITMER,
HEIDI WASHINGTON, and
MICHIGAN DEPARTMENT
OF CORRECTIONS,

Honorable Nancy G. Edmunds

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR IMMEDIATE RELEASE [7]

    Plaintiff Dale Lester Morris is a state prisoner in the custody of the Michigan Department of Corrections ("MDOC") at the Gus Harrison Correctional Facility in Adrian, Michigan ("ARF"). On February 19, 2021, Plaintiff filed a *pro se* amended civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 5.) He claims that the living conditions at ARF are deplorable and violate his rights under the Eighth and Fourteenth Amendments to the United States Constitution.

    Currently before the Court is Plaintiff's motion for immediate release from prison. Plaintiff alleges that he was infected with the coronavirus known as COVID-19 in May of 2020 and again in January of 2021. He contends that he is in

imminent danger of contracting COVID-19 a third time due to his race (Moorish American), his age (58 years old), his heart disease and other medical problems, the crowded living conditions at ARF, and MDOC's inadequate procedures for controlling the spread of COVID-19 in its prisons. Plaintiff asks the Court to order Governor Whitmer or MDOC to release him from custody expeditiously through a medical commutation, early parole, or any other means.

As a general matter, release from custody is not an available remedy under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.") (citation omitted). Furthermore, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979), and the Court has no authority to order Governor Whitmer or MDOC to commute his sentence. *See generally People v. Freleigh*, 54 N.W.2d 599, 601 (Mich. 1952) (noting "[t]he power of pardon and commutation of sentence rests in the governor alone"). For the foregoing reasons, Plaintiff's motion for immediate release is DENIED.

SO ORDERED.

                                                      s/ Nancy G. Edmunds
                                                      Nancy G. Edmunds
Dated: April 9, 2021              United States District Judge

3