UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE LESTER MORRIS, 187452,

       Plaintiff,

v.                                     Case No. 21-10404

GRETCHEN WHITMER,[1]             Honorable Nancy G. Edmunds
HEIDI WASHINGTON, and
MICHIGAN DEPARTMENT
OF CORRECTIONS,

       Defendants.
_____/

**OPINION AND ORDER DISMISSING THE MICHIGAN DEPARTMENT OF CORRECTIONS AND DISMISSING PLAINTIFF'S CLAIMS FOR MONEY DAMAGES FROM DEFENDANTS WHITMER AND WASHINGTON IN THEIR OFFICIAL CAPACITIES**

Plaintiff Dale Lester Morris is a state prisoner in the custody of the Michigan Department of Corrections ("MDOC") at the Gus Harrison Correctional Facility in Adrian, Michigan ("ARF"). On February 19, 2021, Plaintiff filed a *pro se* amended civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 5.) The defendants are Michigan Governor Gretchen Whitmer, MDOC, and MDOC's

---

[1] Plaintiff spelled this defendant's first name as "Grechin" in the caption for his amended complaint. The Court takes judicial notice that Ms. Whitmer's first name is spelled "Gretchen."

Director, Heidi Washington.  Plaintiff seeks monetary and injunctive relief from the defendants on grounds that living conditions at ARF are deplorable and violate his right to reasonable safety under the Eighth and Fourteenth Amendments to the United States Constitution.   For the reasons given below, the Court is dismissing MDOC from this lawsuit.  The Court is also dismissing Plaintiff's claims for money damages from defendants Whitmer and Washington in their official capacities.

## I.  Introduction

Plaintiff alleges in his complaint that, while incarcerated at ARF, he became infected two times with the coronavirus known as COVID-19 due to the inhumane conditions at ARF.  He claims that the disease devastated his vital organs and that he is likely to die from contracting the disease again due to his Moorish American race and the atrocious housing conditions at ARF.  According to Plaintiff, the housing conditions at ARF include overcrowding, infestation with mice, inadequate ventilation, dilapidated structures, and predatory inmates.  Plaintiff alleges that the defendants are deliberately indifferent to his need for reasonable safety and that they have failed to comply with state administrative rules on housing inmates.  He seeks $100 per day for every day that he is forced to live in housing conditions that amount to cruel and unusual punishment.  He also wants

the Court to order Governor Whitmer to release him from prison due to MDOC's alleged failure to keep him safe and healthy.

## II.  Legal Framework

The Court granted Plaintiff permission to proceed without prepaying the fees or costs for this action.  The Court is required to screen indigent prisoners' complaints and to dismiss a complaint, or any portion of a complaint, that is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (footnote and citations omitted).  In other words, "a complaint must contain sufficient factual matter . . . to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Under *Twombly* and *Iqbal*, the factual allegations in a complaint are accepted as true.  See *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

A complaint is legally frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous" in the applicable subsection of 28 U.S.C. § 1915, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*.

This action was brought under 42 U.S.C. § 1983, which "makes 'liable' '[e]very person' who 'under color of' state law 'subjects, or causes to be subjected,' another person 'to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]' " *Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 489 (6th Cir. 2020) (quoting the statute). A plaintiff must prove two things to prevail in an action under § 1983: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

### III.  Discussion

Plaintiff's claims about MDOC are frivolous in the legal sense and fail to state a claim because "a State is not a person within the meaning of § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). Additionally, the Eleventh Amendment bars suits against a state or one of its agencies or

departments unless the state has consented to suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983," *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)).

"Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens.' " *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol*, 987 F.2d at 381). The State of Michigan, therefore, is immune from suit under the Eleventh Amendment.

Plaintiff sues the individual defendants, Gretchen Whitmer and Heidi Washington, in their personal and official capacities for money damages and injunctive relief. The Supreme Court explained in *Kentucky v. Graham*, 473 U.S. 159 (1985), that

> [o]fficial-capacity suits . . . "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S. Ct. 2018, 2035, n. 55, 56 L. Ed. 2d 611 1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Brandon [v. Holt*, 469 U.S. 464, 471-472, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985)]. It is *not* a suit against the official

5

> personally, for the real party in interest is the entity. Thus, . . . a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Id*. at 165-166 (emphasis in original); *see also Thiokol*, 987 F.2d at 381 (stating that the Eleventh Amendment "bars suits for monetary relief against state officials sued in their official capacity").

Governor Whitmer and Ms. Washington are state officials serving in the executive branch of the State of Michigan. *See* www.Michigan.gov. Therefore, Plaintiff's claims about Whitmer and Washington in their official capacities for money damages is comparable to a suit against the State, which is immune from suit. In addition, state officials acting in their official capacities are not "persons" under § 1983. *Will*, 491 U.S. at 71. The Court, therefore, dismisses Plaintiff's claim for money damages from Whitmer and Washington in their official capacities.

The Supreme Court, nevertheless, has held "that state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983." *Hafer v. Melo*, 502 U.S. 21, 31 (1991) Moreover, "the Eleventh Amendment does not bar suits for equitable, prospective relief . . . against state officials in their official capacity." *Diaz v. Michigan Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013); *see also Thiokol*, 987 F.2d at 381 (stating that the Eleventh Amendment "does not preclude

6

actions against state officials sued in their official capacity for prospective injunctive or declaratory relief") (citing *Ex Parte Young,* 209 U.S. 123 (1908)).

## IV.  Conclusion

Plaintiff's claims about MDOC are frivolous and fail to state a claim for which relief may be granted.  MDOC also is immune from suit.  The Court, therefore, dismisses MDOC from this lawsuit.

Plaintiff's claim for money damages from defendants Whitmer and Washington in their official capacities also fails to state a claim for which relief may be granted.  Accordingly, that claim is dismissed.  Pursuant to Supreme Court precedent and case law in this Circuit, however, Plaintiff may proceed with his claim for injunctive relief from Whitmer and Washington in their official capacities and his claim for money damages from Whitmer and Washington in their personal or individual capacities.

IT IS SO ORDERED.

Dated:  April 9, 2021

s/ Nancy G. Edmunds  
NANCY G. EDMUNDS  
UNITED STATES DISTRICT JUDGE