UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE LESTER MORRIS, 187452,

    Plaintiff,

v.                                        Case No. 21-10404

GRETCHEN WHITMER and         Honorable Nancy G. Edmunds
HEIDI WASHINGTON,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION
(ECF No. 15)

### I. Background

This is a *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff Dale Lester Morris is a state prisoner currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan ("ARF"). He started this case by filing a *pro se* complaint about the conditions at ARF. (ECF No. 1.) Shortly afterward, he filed an amended complaint (ECF No. 5), and on April 9, 2021, the Court entered an order of partial dismissal. (ECF No. 13.) Currently before the Court is Plaintiff's motion for clarification of that order. (ECF No. 15.) The motion is granted, and the Court's clarification follows.

## I. Background

Plaintiff commenced this case on February 8, 2021, by filing an unsigned, handwritten complaint. The defendants named in the complaint were the Michigan Department of Corrections ("the MDOC"), Heidi Washington ("Washington"), Director of the MDOC, and Gretchen Whitmer ("Whitmer"), the current governor of Michigan. (ECF No. 1, PageID.1.) The complaint was randomly assigned to United States District Judge Linda V. Parker. *See id*.

On February 19, 2021, Plaintiff filed a motion for immediate release from prison (ECF No. 7) and a form complaint naming the same three defendants (ECF No. 5, PageID.27). Attached to the form was a signed copy of Plaintiff's initial, handwritten complaint (ECF No. 5, PageID.42-60). The document was docketed as an amended complaint.

On March 22, 2021, the case was reassigned from Judge Parker to this Court as a companion to case number 20-12175. (ECF No. 8.) On April 9, 2021, this Court denied Plaintiff's motion for immediate release (ECF No. 12), and in a separate order, the Court dismissed the MDOC and Plaintiff's claim for money damages from Washington and Whitmer in their official capacities (ECF No. 13).

On April 15, 2021, Plaintiff filed his motion for clarification of the Court's order of partial dismissal (ECF No. 15), and on April 16, 2021, he filed another amended complaint (ECF No. 14). The Court understands the amended complaint

filed on April 16, 2021, to be seeking monetary relief from Washington and Whitmer in their personal or individual capacities and injunctive relief from the two defendants in their official capacities. Plaintiff wants both defendants to pay him $100 per day for every day that he has been forced to live under inhumane and cruel and unusual conditions. (ECF No. 14, PageID.114-115.) Plaintiff also seeks $500,000 in punitive damages from each defendant and immediate injunctive relief in the form of housing that complies with state administrative rules. *Id*. at PageID.115.

## II. Discussion

In his motion for clarification, Plaintiff raises three concerns. First, he questions the Court's description of his February 19, 2021 complaint as an amended complaint. Second, he questions the reassignment of this case from Judge Parker to this Court. Third, he seeks clarification of the Court's language about the defendants' personal and official capacities.

### A. The First Amended Complaint

Plaintiff alleges first that he did not file an amended civil rights complaint on February 19, 2021. He states that the complaint filed on February 19, 2021, is a stand-alone complaint, separate from the complaint that he filed in case number 20-13268 against Washington, the MDOC's chief medical officer, and warden Sherman Campbell. (ECF No. 15, PageID.119-120.)

The Court agrees that the complaint filed on February 19, 2021, did not amend the complaint filed in case number 20-13268. The complaint filed on February 19, 2021, was treated as an amended complaint because it superseded the complaint that Plaintiff filed in *this* case on February 8, 2021. There was no error in how the Court treated Plaintiff's February 19, 2021 complaint.

### B. The Reassignment

Next, Plaintiff asks the Court to explain the order reassigning this case from Judge Parker to this Court as a companion to case number 20-12175. Petitioner states that he has no case under the number 20-12175. (ECF No. 15, PageID.120.) He did at one time, however, *see Morris v. Sherman*, No. 20-12175 (E.D. Mich. Aug. 13, 2020), and the complaint in that case, like this case, alleged that conditions at ARF were deplorable and inhumane. In this District,

> (A) Companion cases are cases in which it appears that:
>
> > (i) substantially similar evidence will be offered at trial, or
> >
> > (ii) the same or related parties are present and the cases arise out of the same transaction or occurrence, or
> >
> > (iii) they are Social Security cases filed by the same claimant.
>
> (B) Cases may be companion cases even though one of them has been terminated.

LR 83.11(b)(7)(A) and (B).

4

Substantially similar evidence could be offered at trial in this case as would have been offered in case number 20-12175 if that case had gone to trial. And, as pointed out in the Local Rules, cases can be companion cases even if one of them has already been terminated. LR 83.11(b)(7)(B). Accordingly, the reassignment of this case from Judge Parker to this Court was proper.

### C. Personal and Official Capacity Suits

Finally, Plaintiff asks the Court to explain a statement in the Court's previous order where the Court said that Plaintiff could "proceed with his claim for injunctive relief from Whitmer and Washington in their official capacities and his claim for money damages from Whitmer and Washington in their personal or individual capacities." (ECF No. 15, PageID.120) (quoting ECF No. 13, PageID.113.)

The Supreme Court has explained the distinction between individual and official-capacity suits this way:

> In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself. . . . The real party in interest is the government entity, not the named official. "Personal-capacity suits, on the other hand, seek to impose *individual* liability upon a government officer for actions taken under color of state law." "[O]fficers sued in their personal capacity come to court as individuals," and the real party in interest is the individual, not the sovereign.

*Lewis v. Clarke*, 137 S. Ct. 1285, 1291 (2017) (ellipsis added, emphasis in original, internal citations omitted). The distinction between the two capacities is important because

5

> [t]he identity of the real party in interest dictates what immunities may be available. Defendants in an official-capacity action may assert sovereign immunity. An officer in an individual-capacity action, on the other hand, may be able to assert *personal* immunity defenses, such as, for example, absolute prosecutorial immunity in certain circumstances. But sovereign immunity "does not erect a barrier against suits to impose individual and personal liability."

*Id*. (emphasis in original, internal and end citations omitted). Moreover,

> [o]n the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a " 'moving force' " behind the deprivation; thus, in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law.

*Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (internal and end citations omitted).

The defendants in this case are state officials. Whitmer is the Governor of Michigan, and Washington is the Director of the MDOC. The Court, therefore, treated Plaintiff's claims about the defendants in their official capacities as a suit against the State of Michigan, and "[t]he Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.' " *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (quoting *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 464 (1945)). For this reason, the Court dismissed Plaintiff's claim for money damages from the defendants in their official capacities.

6

However, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' " *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n. 10 (1989) (quoting *Graham,* 473 U.S. at 167, n. 14); *accord Diaz v. Michigan Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013) (stating that under Sixth Circuit precedent and the Supreme Court's decision in *Ex Parte Young*, 209 U.S. 123 (1908), "the Eleventh Amendment does not bar suits for equitable, prospective relief . . . against state officials in their official capacity"); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (explaining that, even though the Eleventh Amendment "bars suits for monetary relief against state officials sued in their official capacity," "the amendment does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief") (citing *Ex Parte Young,* 209 U.S. at 123). Thus, the Court concluded in its previous opinion that Plaintiff was entitled to seek injunctive relief from the defendants in their official capacities.

### III. Conclusion

Plaintiff's motion for clarification (ECF No. 15) is granted, and the Court has attempted to clarify its previous order. To the extent Plaintiff sought reconsideration

of the Court's previous order, reconsideration is denied because Plaintiff has failed to show that the Court made a palpable error in its previous order.  LR 7.1(h)(3).

    IT IS SO ORDERED.

Dated:  May 10, 2021

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE